## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK GEROD KEITH** | **CIVIL ACTION** |
| **VERSUS** | **NO.    18-3448** |
| **CONCORDIA PARISH CORRECTION FACILITY , <u>ET AL</u>.** | **SECTION: "I" (5)** |

### <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Derrick Gerod Keith, is an inmate housed at the Concordia Parish Correctional Facility in Ferriday, Louisiana.    He has submitted a complaint pursuant to Title 42 U.S.C. §1983 for which he seeks leave to proceed *in forma pauperis*.[1]    He alleges that he has been denied medical treatment while incarcerated at the Concordia Parish Correctional Facility.    (Rec. doc. 3, Complaint).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b).    *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).    Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1]  The motion to proceed as a pauper is deferred to the United States District Court for the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

Plaintiff is currently incarcerated at the Concordia Parish Correctional Facility and the allegations stem from events occurring at the facility.    He has not alleged that any acts or omissions occurred within the Eastern District of Louisiana.    His complaint also indicates that the Defendants reside in Ferriday, Louisiana, in Concordia Parish, which is located within the boundaries of the United States District Court for the Western District of Louisiana.    28 U.S.C. § 98(c).    The appropriate forum for this action is the Western District.

Title 28 U.S.C. § 1406(a) permits transfer of a case laying venue in the wrong division or district, if determined that the interest of justice so requires, to any district in which the action could have been brought.    *See* 28 U.S.C. § 1406(a); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).    The Court finds that in the interest of justice, transfer to the Western District of Louisiana is proper.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this __18th__ day of _____April_____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.